IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 6:25-871 |
| | ) | |
| | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1349 |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| vs. | ) | 18 U.S.C. § 982(b)(1) |
| | ) | 21 U.S.C. § 853(p) |
| | ) | 28 U.S.C. § 2461(c) |
| IVAN KUDROVSKYI | ) | |
| | ) | **INDICTMENT** |

**COUNT 1**

**THE GRAND JURY CHARGES:**



1.     That beginning in or about 2025 and continuing up to the date of this Indictment, in the District of South Carolina and elsewhere, the Defendant, IVAN KUDROVSKYI, and others known and unknown to the grand jury, did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with each other, to devise and execute a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and during such period, in the course of executing said scheme and artifice:

transmitted and caused to be transmitted in interstate commerce, wire communications, including writings, signs, signals, pictures, and sounds, for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

## SCHEME AND ARTIFICE

2. At all times material to this indictment, an elder fraud scam relying on social engineering and spoofing aimed at defrauding individuals of their property was taking place in the district of South Carolina and elsewhere.

3. A common tactic in elder fraud scams is for an individual to falsely identify themselves as a federal agent or official to an intended victim. By representing themselves to be a federal agent, the fraud actor aims to gain the trust of the unsuspecting victim.

4. The fictitious federal agent then instructs the victim to remove and convert monies from the victim's accounts into gold bars and U.S. currency.

5. The fictitious federal agent next instructs the victim that another contracted courier will meet the victim at a specified time and place to take the gold bars and U.S. currency and hold them for safekeeping. Once the transfer occurs, the victim loses the gold bars and U.S. currency.

## MANNER AND MEANS

6. It was part of the scheme and artifice that a confederate in the elder fraud scam would instruct Victim 1 to withdraw funds from his financial accounts and purchase gold in amounts below $500,000.

7. It was part of the scheme and artifice that Victim 1, in fact, followed the confederate's advice and withdrew monies from his financial account. As instructed by the confederate, Victim 1 then caused an electronic wire to be sent on March 24, 2025 in the amount of $475,393.00 to obtain gold bars.

8. It was part of the scheme and artifice that Victim 1, in fact, followed the confederate's advice and withdrew monies from his financial account. As instructed by the

2

confederate, Victim 1 then caused an electronic wire to be sent on April 3, 2025 in the amount of $250,000.00 to obtain gold bars.

9. On or about April 12, 2025, the Defendant, IVAN KUDROVSKYI, did meet with and pick up gold bars from Victim 1 in Simpsonville, South Carolina. Victim 1, at the time, believed he/she was meeting with a contracted courier from the OIG.

10. It was part of the scheme and artifice that a confederate in the elder fraud scam would call Victim 2 and did instruct Victim 2 to withdraw funds from his/her financial accounts in the form of U.S. currency.

11. It was part of the scheme and artifice that a confederate in the elder fraud scam would call Victim 2 and direct him/her to meet an "F.B.I. agent" to turn over Victim 2's withdrawn U.S. currency.

12. On or about April 17, 2025, the Defendant, IVAN KURDOVSKYI, did meet with and attempt to pick up U.S. currency from Victim 2 in Fort Mill, South Carolina.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE

WIRE FRAUD:

Upon conviction to violate Title 18, United States Code, 1349 (wire fraud conspiracy), as charged in this Indictment, the Defendant, IVAN KUDROVSKYI, shall forfeit to the United States, any property, real and personal, which constitutes, is derived from, or is traceable to proceeds the Defendant obtained, directly or indirectly, as the result of such violations.

PROPERTY:

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the property subject to forfeiture includes, but is not limited to, the following:

### Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in this Indictment, that is, a minimum of $750,000 in United States currency, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to his violations of 18 U.S.C. § 1349.

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant-

    A. Cannot be located upon the exercise of due diligence;
    B. Has been transferred or sold to, or deposited with, a third person;
    C. Has been placed beyond the jurisdiction of the court;
    D. Has been substantially diminished in value; or
    E. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property;

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A True Bill

REDACTED
/FOREPERSON

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By: _____
Carrie Fisher Sherard (Fed. ID #10134)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29605
Tel.:   864-282-2100
Fax:   864-233-3158
Email: carrie.a.fisher@usdoj.gov

5